

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.



**United States Bankruptcy Judge**

Signed March 25, 2011

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Kimberly Paige Hantla, | § | Chapter 7 |
| | § | |
| Debtor. | § | Case No. 10-32074-SGJ-7 |
| | § | |
| | § | |
| | § | |
| | § | |
| CHARLES ADDISON WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 10-03200 |
| KIMBERLY PAIGE HANTLA AND | § | |
| PHILLIP HANTLA, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S FIRST AMENDED COMPLAINT AND PETITION TO DETERMINE DISCHARGEABILITY

On March 24, 2011, this case was called to trial for purposes of determining the non-

dischargeable damages incurred by Plaintiff with respect to the claims asserted against

Defendant Kimberly Hantla in the *Plaintiff's First Amended Petition and Complaint to Determine Dischargabilitiy* (the "Complaint"). The Court, having considered the Complaint, all of the papers, pleadings, and orders on file in this case, and the evidence presented at trial, renders its Findings of Fact and Conclusions of Law, as follows:

## I.
## Findings of Fact

1. Plaintiff in this case is Charles Addison Williams.

2. Plaintiff resides at 5026 Brookview, Dallas, Texas 75220.

3. Kimberly Hantla is the Defendant in this case ("Defendant Kimberly Hantla").

4. Defendant Kimberly Hantla resides at 2225 Grizzly Run Lane, Euless, Texas 76039.

5. Defendant Kimberly Hantla is neither (i) a member of the military, (ii) incompetent, or (iii) under the age of 18.

6. From January 2008 to April 2009, Plaintiff employed Defendant Kimberly Hantla as his personal assistant and household manager.

7. Throughout her employment by Plaintiff, Defendant Kimberly Hantla intentionally deceived Plaintiff in order to confer unearned financial benefits on herself and family.

8. Defendant Kimberly Hantla misappropriated, embezzled, and stole significant sums of money from Plaintiff through the unauthorized use of Plaintiff's credit card accounts.

9. As his personal assistant and household manager, Plaintiff relied on Defendant Kimberly Hantla to run errands and make routine purchases, such as groceries, meals, and other household supplies on his behalf.

10. Plaintiff entrusted Defendant Kimberly Hantla with his credit cards to facilitate the purchase of items such as groceries, meals, and other household supplies on his behalf.

11.     Defendant Kimberly Hantla was placed in a special position of confidence and trust by Plaintiff as his personal assistant and household manager.

12.     Defendant Kimberly Hantla used Plaintiff's credit card accounts to make unauthorized purchases and cash withdrawals from ATMs for the benefit of herself and family.

13.     Plaintiff did not authorize Defendant Kimberly Hantla to use his credit card accounts to make purchases and cash withdrawals from ATMs for the benefit of herself and family.

14.     Defendant Kimberly Hantla caused credit cards to be issued in her name on Plaintiff's credit card accounts, without his consent, and used those cards to make unauthorized purchases and cash withdrawals from ATMs for the benefit of herself and family.

15.     Defendant Kimberly Hantla used personal and confidential information of Plaintiff, which she obtained through her employment as his personal assistant and household manager, to facilitate the issuance of credit cards in her name on Plaintiff's credit card accounts.

16.     Plaintiff did not authorize Defendant Kimberly Hantla to use his personal and confidential information to have credit cards issued in her name on Plaintiff's credit card accounts.

17.     Defendant Kimberly Hantla intentionally concealed from Plaintiff the issuance and delivery of credit cards issued in her name on Plaintiff's credit card accounts by changing the address on Plaintiff's credit card accounts to the address of her residence.

18.     Defendant Kimberly Hantla intentionally concealed from Plaintiff her unauthorized use of credit cards issued in her name on Plaintiff's credit card accounts by reporting her own unauthorized charges and cash withdrawals from ATMs as fraudulent transactions and requesting the credit card companies to issue additional credit cards in her name with new card numbers.

19.     Defendant Kimberly Hantla used Plaintiff's credit card accounts to make unauthorized purchases and cash withdrawals from ATMs that totaled an amount not less than $1,089,997.85, which included, without limitation, the following transactions:

a)      Defendant Kimberly Hantla obtained at least $842,088.53 of cash assets by making unauthorized ATM withdrawals with Plaintiff's credit card accounts.

b)      Defendant Kimberly Hantla incurred at least $95,823.28 of unauthorized charges on Plaintiff's credit card accounts at Gregory's.

c)      Defendant Kimberly Hantla incurred at least $27,031.00 of unauthorized charges on Plaintiff's credit card accounts at Truvail Homes.

d)      Defendant Kimberly Hantla incurred at least $16,071.14 of unauthorized charges on Plaintiff's credit card accounts at Nordstrom.

e)      Defendant Kimberly Hantla incurred at least $16,660.42 of unauthorized charges on Plaintiff's credit card accounts at Weirs Furniture Village.

f)      Defendant Kimberly Hantla incurred at least $15,469.13 of unauthorized charges on Plaintiff's credit card accounts at Embassy Suites.

g)      Defendant Kimberly Hantla incurred at least $13,985.65 of unauthorized charges on Plaintiff's credit card accounts at Treasure's Jewelers.

h)      Defendant Kimberly Hantla incurred at least $13,022.00 of unauthorized charges on Plaintiff's credit card accounts at California Closets.

i)      Defendant Kimberly Hantla incurred at least $12,540.44 of unauthorized charges on Plaintiff's credit card accounts at Bed, Bath and Beyond.

j)      Defendant Kimberly Hantla incurred at least $11,223.90 of unauthorized charges on Plaintiff's credit card accounts at Byrom Flooring.

k)      Defendant Kimberly Hantla incurred at least $5,980.12 of unauthorized charges on Plaintiff's credit card accounts at Westin Galleria.

l)      Defendant Kimberly Hantla incurred at least $2,657.17 of unauthorized charges on Plaintiff's credit card accounts at His Highness Jewelers.

m)      Defendant Kimberly Hantla incurred at least $1,965.18 of unauthorized charges on Plaintiff's credit card accounts at Silver Palace.

n)      Defendant Kimberly Hantla incurred at least $1,854.89 of unauthorized charges on Plaintiff's credit card accounts at Atmos Energy.

o)      Defendant Kimberly Hantla incurred at least $13,625.00 of unauthorized charges on Plaintiff's credit card accounts with David E. Morales, M.D.

20.     Defendant Kimberly Hantla caused her unauthorized charges and cash withdrawals on Plaintiff's credit card accounts to be paid with Plaintiff's funds without his consent.

21.     On or about April 7, 2009, after discovering and investigating Defendant Kimberly Hantla's unlawful and tortious conduct, Plaintiff terminated Defendant Kimberly Hantla's employment as his personal assistant and household manager.

22.     On May 15, 2009, Plaintiff filed a civil action in the 44th District Court of Dallas County, Texas against Defendant Kimberly Hantla for breach of fiduciary duty and violations of the Texas Theft Liability Act (the "State Court Action").

23.     On March 26, 2010, three days before her deposition was to be taken in connection with the State Court Action, Defendant Kimberly Hantla filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

24.     On July 6, 2010, Plaintiff commenced an adversary proceeding against Defendant Kimberly Hantla, styled *Charles Addison Williams v. Kimberly Paige Hantla and Phillip Hantla*, Adversary No. 10-03200, by filing his *First Amended Petition and Complaint to Determine Dischargeability* (the "Complaint").

25.     On July 6, 2010, the United States Bankruptcy Court for the Northern District issued a *Summons in an Adversary Proceeding* (the "Summons") in this case.

26.     On July 9, 2010, Plaintiff served the Complaint, the Summons*, and Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* on Defendant Kimberly Hantla via certified and regular United States first class mail, postage prepaid, at her residence located at 2225 Grizzly Run Lane, Euless, Texas 76039.

27. The deadline for Defendant Kimberly Hantla to file an answer to the Complaint was August 5, 2010.

28. Defendant Kimberly Hantla failed to file an answer or otherwise defend against the Complaint.

29. On August 6, 2010, an affidavit of service was filed regarding the service of the Complaint and the Summons on Defendant Kimberly Hantla.

30. On September 30, 2010, after sufficient and adequate notice and hearing, the Court considered and granted the *Motion for Entry of Default Judgment Against Defendant Kimberly Paige Hantla* [Docket No. 9] filed by Plaintiff.

31. On October 15, 2010, the Court entered the *Order Granting Motion for Default Judgment Against Defendant Kimberly Hantla* [Docket No. 18] in which Plaintiff was granted a default judgment as to liability against Defendant Kimberly Hantla with respect to all of Plaintiff's claims against Defendant Kimberly Hantla in the Complaint.

32. Plaintiff has sustained actual damages in an amount not less than $1,089,997.85 as a result of Defendant Kimberly Hantla's violations of the Texas Theft Liability Act.

33. Plaintiff has sustained actual damages in an amount not less than $1,089,997.85 as a result of Defendant Kimberly Hantla's breaches of the fiduciary duties she owed to Plaintiff.

34. Plaintiff has incurred at least $170,909.00 of reasonable and necessary attorneys' fees in connection with the investigation and prosecution of the claims against Defendant Kimberly Hantla set forth in the Complaint.

35. Plaintiff has incurred at least $5,589.00 of costs in connection with the investigation and prosecution of the claims against Defendant Kimberly Hantla set forth in the Complaint.

36. Plaintiff is entitled to an award of statutory damages against Defendant Kimberly Hantla in the amount of $1,000.00 as a result of her violations of the Texas Theft Liability Act.

## II.
## Conclusions of Law

37. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

38. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O).

39. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

40. The nature of the relationship between Plaintiff and Defendant Kimberly Hantla gave rise to fiduciary duties on the part of Defendant Kimberly Hantla.

41. Defendant Kimberly Hantla owed fiduciary duties to Plaintiff.

42. Defendant Kimberly Hantla owed Plaintiff a duty of loyalty and utmost good faith.

43. Defendant Kimberly Hantla owed Plaintiff a duty of candor.

44. Defendant Kimberly Hantla owed Plaintiff a duty to refrain from self-dealing.

45. Defendant Kimberly Hantla owed Plaintiff a duty to act with integrity.

46. Defendant Kimberly Hantla owed Plaintiff a duty of fair and honest dealing.

47. Defendant Kimberly Hantla owed Plaintiff a duty of full disclosure.

48. Defendant Kimberly Hantla, in equity and good conscience, was bound to act in good faith and with due regard for the interests of Plaintiff.

49. Defendant Kimberly Hantla breached her fiduciary duties to Plaintiff by using Plaintiff's credit card accounts to make unauthorized charges and cash withdrawals for the benefit of herself and family and those breaches caused Plaintiff to sustain actual damages.

50.     Defendant Kimberly Hantla violated the Texas Theft Liability Act by misappropriating, embezzling, and stealing money belonging to Plaintiff with the intent of depriving Plaintiff of such money and those violations caused Plaintiff to sustain actual damages.

51.     Plaintiff has established a right to recover actual damages against Defendant Kimberly Hantla in an amount not less than $1,089,997.85 based on his claims against Defendant Kimberly Hantla for breach of fiduciary duty.

52.     Plaintiff has established a right to recover actual damages against Defendant Kimberly Hantla in an amount not less than $1,089,997.85 based on his claims against Defendant Kimberly Hantla under the Texas Theft Liability Act.

53.     Plaintiff has established a right to recover reasonable and necessary attorney's fees against Defendant Kimberly Hantla in an amount not less than $170,909.00 based on his claims against Defendant Kimberly Hantla under the Texas Theft Liability Act.

54.     Plaintiff has established a right to recover costs against Defendant Kimberly Hantla in an amount not less than $5,589.00 based on his claims against Defendant Kimberly Hantla under the Texas Theft Liability Act.

55.     Plaintiff has established a right to recover statutory damages against Defendant Kimberly Hantla in an amount not to exceed $1,000.00 based on his claims against Defendant Kimberly Hantla under the Texas Theft Liability Act.

56.     The award of actual damages against Defendant Kimberly Hantla entitles Plaintiff to recover prejudgment and/or postjudgment interest at the maximum rate allowable by law.

57.     Defendant Kimberly Hantla's unauthorized use of Plaintiff's credit card accounts to make charges and cash withdrawals for the benefit of herself and family was unlawful and tortious.

58.     Defendant Kimberly Hantla's unauthorized use of Plaintiff's credit card accounts to make charges and cash withdrawals for the benefit of herself and family was wrongful, without just cause, deliberate, and intentional.

59.     Plaintiff's claims against Defendant Kimberly Hantla—and Defendant Kimberly Hantla's corresponding debts to Plaintiff—arose from (i) intentional deceit, fraud and defalcation of Defendant Kimberly Hantla while Defendant Kimberly Hantla was acting in a fiduciary capacity to Plaintiff, (ii) Defendant Kimberly Hantla's embezzlement of Plaintiff's property, and (iii) Defendant Kimberly Hantla's larceny of Plaintiff's property.

60.     Pursuant to 11 U.S.C. § 523(a)(4), Defendant Kimberly Hantla is not entitled to a discharge of her debts to Plaintiff or any of the claims Plaintiff asserted against Defendant Kimberly Hantla in this case as a result of her unlawful and tortious conduct against Plaintiff.

61.     Plaintiff's claims against Defendant Kimberly Hantla—and Defendant Kimberly Hantla's corresponding debts to Plaintiff—arose from the willful and malicious injury by Defendant Kimberly Hantla to Plaintiff and his property.

62.     Pursuant to 11 U.S.C. § 523(a)(6), Defendant Kimberly Hantla is not entitled to a discharge of her debts to Plaintiff or any of the claims Plaintiff asserted against Defendant Kimberly Hantla in this case as a result of her unlawful and tortious conduct against Plaintiff.

63.     Plaintiff is entitled to a non-dischargeable judgment against Defendant Kimberly Hantla in an amount not less than $1,267,495.85.

### ### *END OF ORDER* ###